EDDIE PARSLEY V. THE STATE.

No. 13309.   Delivered May 7, 1930.
Reported in 27 S. W. (2d) 822.

The opinion states the case.

*E. T. Miller* of Amarillo, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Appellant had rented a garage at the back of the Lucerne Apartments in the town of Amarillo.   Officers in the nighttime approached this garage and flashing a light therein, observed cartons in same. They went into an adjoining garage and waited.   Appellant shortly thereafter approached and entered his garage, whereupon the officers followed him and found in one of the cartons therein a half gallon of whiskey and two pints.   The officers did not personally know that whiskey was in such carton until after they entered the garage and searched same.   It was not visible to them from the outside.   The search was without a search warrant and without the consent of the appellant.

Testimony of the officers touching the result of their search which revealed the presence of the intoxicating liquor is made the subject of bills of exception which present the only legal question necessary to discuss.   The trial court appears to have admitted this testimony upon the theory that a felony was committed by appellant within the view or in the presence of the officers.   He qualifies the bill presenting this matter with the statement that the officers had gone to the garage and "by looking through openings in the apart-

ment of the garage claimed by defendant saw therein cartons later introduced in evidence, and that when defendant came he went into his apartment of the garage and that Johnson and Landis followed him in through the open door which defendant had opened, and there found and seized the liquors, containers and cartons they described; under that situation I believed the testimony admissible without a search warrant." The whiskey in question appears to have been concealed in a carton. Its presence was revealed by the illegal action of the officers in entering the garage without a search warrant. No felony was being committed by appellant at the time of his arrest so far as the officers knew, and the search appears to have been based solely upon conjecture. Under a state of facts almost identical with those found here, this Court in the case of Steverson v. State, 2 S. W. (2nd) 453, held testimony of officers given under such circumstances inadmissible. The question is there exhaustively discussed, with a citation of the authorities and references to the articles of the statute, which illustrate under what circumstances an arrest and search without a search warrant is authorized. The Court's qualification to the bill itself shows that the search was illegal and the testimony inadmissible. Any further discussion would be but a reiteration of what is stated in the Steverson case, supra.

. Because the Court erred in admitting the testimony of the officers, above discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.